362 So.2d 570 (1978)
STATE of Louisiana
v.
Ronald D. LEGENDRE.
No. 61719.
Supreme Court of Louisiana.
September 5, 1978.
Rehearing Denied October 5, 1978.
Lee C. Kantrow, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, *571 Dist. Atty., Marilyn C. Castle, Asst. Dist. Atty., for plaintiff-respondent.
SUMMERS, Justice.
When Ronald D. Legendre was charged by the District Attorney of East Baton Rouge with the crime of battery with a dangerous weapon upon Michael White, he pled not guilty and filed a motion for bill of particulars asking what was the dangerous weapon he allegedly used. The State replied "Concrete on Parking Lot." Whereupon defendant filed a motion to quash, alleging that the conviction on this charge would not meet the requirements of aggravated battery as defined by Article 34 of the Criminal Code, in that the alleged aggravated battery was not committed with a dangerous weapon. The motion to quash was denied, the trial court being of the opinion that whether a dangerous weapon was involved was a question of fact to be decided by the jury. Certiorari was granted on defendant's application.
"Aggravated battery is a battery committed with a dangerous weapon." La.Rev. Stat. 14:34. As defined in the Criminal Code "`Dangerous weapon' includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." La.Rev.Stat. 14:2(3).
This bill of information charged the offense in the short form approved by Article 465 of the Code of Criminal Procedure. A recital of the details of the offense is available by a bill of particulars. In this instance the detailed description of the alleged dangerous weapon was furnished in response to a motion for bill of particulars. When the State furnished this information, the parking lot became the alleged dangerous weapon necessary to constitute an essential element of the crime. As thus amended the parking lot became an allegation of the indictment in the sense that if its inclusion shows the indictment to be defective the indictment may be quashed. La.Code Crim.Pro. art. 485.
The question, then, is whether the indictment as thus constituted charges a valid offense. If it does not it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, for a motion to quash may be based on the ground that the indictment fails to charge an offense which is punishable under a valid statute. La.Code Crim.Pro. arts. 532(1) and (5), 485.
To have a valid trial it is sacramental that an offense punishable under a valid statute or ordinance be charged. And when an indictment is defective it should be quashed when it fails to charge the offense intended to be charged in the manner required by law. It will not do to base an indictment for a serious offense, as in this case, upon an allegation of fact which cannot conceivably satisfy an essential element of the crime, and compel the accused to withstand the rigors of a jury trial with no expectation that a conviction can be supported by such an allegation. We believe this to be the situation here.
By the plain words of the article defining dangerous weapon it includes any gas, liquid or other substance or instrumentality used in a manner calculated or likely to produce death or great bodily harm. A dangerous weapon is not by that definition or any other an expanse of concrete forming a parking lot; just as it is not a graveled area or the turf in a meadow. We realize that the accused could use the concrete of the parking lot by striking the victim a blow which would cause him to fall upon the concrete and sustain injuries. But this is not "use" of a "weapon". No other "use" of the concrete parking lot has been suggested which would produce death or great bodily harm.
Obviously by relying upon a concrete parking lot as a dangerous weapon, the State is seeking to convert this offense into aggravated battery. Without a dangerous weapon involved the offense would necessarily be one of a lesser grade. In doing so the State is attempting to extend the article of the Code so as to create a crime not provided for therein, contrary to the spirit and letter of the law. This is not genuine *572 construction of the term dangerous weapon as contemplated by the statute defining aggravated battery. According to the fair import of the words, in their usual sense dangerous weapon does not mean a concrete parking lot. La.Rev.Stat. 14:3. Consequently, the State has not charged a crime in the manner required by law.
For the reasons assigned, the ruling of the trial judge denying the motion to quash is reversed and set aside. The case is remanded to the trial court for appropriate proceedings not inconsistent with this opinion.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
The opinion of the Court apparently restricts the meaning of dangerous weapon to exclude any instrumentality not commonly known as a weapon. In my opinion the majority's definition is contrary to the legislative intention to define a dangerous weapon in terms of how the instrumentality was actually used and not according to preconceived notions based on customary usages.