ARMSTRONG, Judge.
Paul 0. Berthelot was charged on May 9, 1984, by four separate bills of information,. with violations of LSA-R.S. 14:89.1, relative to the offense of aggravated crime against nature. The bills of information charged the defendant with committing the offense of aggravated crime against nature by “masturbating” certain named residents of the Belle Chasse State School. The defense filed a motion to quash the informa-tions, alleging that the bills failed to charge a crime punishable under the statute. On February 12,1985, after a hearing on the motion, the trial coúrt sustained the motion to quash and ordered the defendant released from custody. The state requested and was granted an appeal pursuant to LSA-C.Cr.P. art. 912.
On appeal the State does not dispute the defendant’s contention that the bills of information fail to allege conduct that would constitute aggravated crime against nature as defined by the controlling jurispru *640 dence.[1] The State does argue, however, that a motion to quash was not the proper vehicle to assert a defense that goes to the merits of the charge. We disagree.
A motion to quash is used to raise, prior to trial, all pleas or defenses other than mental incapacity to proceed or pleas of “not guilty” and of “not guilty and not guilty by reason of insanity.” LSA-C. Cr.P. art. 531. A motion to quash can be used to quash a bill of information that “fails to charge an offense which is punishable under a valid statute.” LSA-C.Cr.P. art. 532(1). In this regard the Louisiana Supreme Court has stated:
To have a valid trial it is sacramental that an offense punishable under a valid statute or ordinance be charged. And when an indictment is defective it should be quashed when it fails to charge the offense intended to be charged in the manner required by law. It will not do to base an indictment for a serious offense, as in this case, upon an allegation of fact which cannot conceivably satisfy an essential element of the crime, and compel the accused to withstand the rigors of a jury trial with no expectation that a conviction can be supported by such an allegation.
State v. Legendre, 362 So.2d 570, 571 (La.1978).
In Legendre the defendant was charged with aggravated battery and the bill of particulars reflected that the dangerous weapon was “concrete on parking lot.” In upholding the defendant’s motion to quash which alleged that “a conviction on this charge would not meet the requirements of aggravated battery as defined by Article 34 of the Criminal Code,” the Supreme Court held that the State had not charged a crime in the manner required by law. -
It is clear that in the instant case the State has failed to charge a crime in the manner required by law. As indicated previously, aggravated crime against nature, as between human beings, refers only to anal-genital intercourse and oral-genital activity. The bills of information herein refer only to masturbation, an activity that does not fall within the definition of aggravated crime against nature.[2] The bills of information were, therefore, defective and proper subjects of a motion to quash.
*641 The State also argues that if the defendant had wanted details concerning each specific act alleged to have been committed by him, he could have filed an application for bill of particulars. The record reflects, however, that the defendant did file a motion for bill of particulars which requested, among other things, “the specific act or acts alleged to have been committed by the defendant, which constituted the crime(s) charged.” The State’s response to this request was that “[t]hat information requested is contained in the bill of information.” This argument, therefore, is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. The relevant provisions of the offense of aggravated crime against nature were defined in LSA-R.S. 14:89.1 as follows:
A. Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
(3) Where through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, the victim is incapable of giving consent and the offender knew or should have known of such incapacity.
Crime against nature is defined in LSA-R.S. 14:89, which provides in pertinent part:
A. Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
In State v. Phillips, 365 So.2d 1304, 1305 (La.1979), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979), the Supreme Court set forth the activity contemplated by the term “unnatural carnal copulation” as follows:
The statutory terms defining the crime as “unnatural carnal copulation” involving the "use of the genital organ of one of the offenders” have acquired historically and jurispru-dentially a definite meaning. As between human beings, it refers only to two specified sexual practices: sodomy (anal-genital intercourse of a specified nature ...) and oral-genital activity (whereby the mouth of one of the participants is joined with the sexual organ of the other participant).

. Webster's Third New International Dictionary (1971) defines masturbation as follows:
Erotic stimulation involving the genital organs commonly resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse, by instrumental manipulation, occas. by sexual fantasies, or by various combinations of these agencies.