852 So.2d 1069 (2003)
STATE of Louisiana
v.
Thomas B. BILLARD.
No. 03-KA-319.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 2003.
*1070 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Margaret E. Hay, Lisa Schneider, Bradley R. Burget, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Prentice L. White, Attorney, Louisiana Appellate Project, Baton Rouge, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Thomas Billard, with two counts of armed robbery, violations of LSA-R.S. 14:64.[1] Defendant pled not guilty, and the matter proceeded to trial before a twelve person jury. After considering the evidence presented, the jury found defendant guilty as charged on both counts. Defendant thereafter filed a motion for new trial which was denied by the trial judge. The trial judge sentenced defendant to fifty *1071 years of imprisonment at hard labor on each count, to run concurrently.
The state subsequently filed a multiple offender bill of information alleging defendant to be a second felony offender based on a prior armed robbery conviction. After being advised of his rights, defendant admitted the allegations contained in the multiple offender bill. The trial judge vacated the previous sentence on count one, and imposed a multiple offender sentence of fifty years at hard labor without benefit of probation, suspension of sentence or good time. The trial judge ordered that the sentence was to be served concurrently with any other sentence defendant was serving. Defendant now appeals.

FACTS
On January 20, 1999, at approximately 2:30 a.m., Gregory Smith and David Chryssoverges had just finished a carpet cleaning job at a fast food restaurant on Veterans Boulevard. Chryssoverges remained in the restaurant while Smith went outside to the van to empty a reservoir tank. Smith noticed four people approaching from the direction of a nearby bar. Two of these individuals, a black male and a white female, continued walking towards the van, while the other two stayed behind.
The black male, subsequently identified as defendant, asked Smith if he could give them a ride to Tulane Avenue. Smith told defendant he could not do so because he and Chryssoverges had another job to complete in Kenner, which was in the opposite direction. Smith then sat in the driver's seat of the van after which defendant asked Smith for a light for his cigarette. Smith pressed the van's cigarette lighter and handed the lighter to defendant. As defendant leaned over to light the cigarette, Smith saw two guns in the defendant's waistband. Thereafter, defendant told the girl, later identified as Sharon Harrell, to get in the van. When Harrell entered the passenger's side of the van, defendant removed the two guns and held them at waist-level while standing inside the open doorway of the van's driver's side.
At that point, Chryssoverges exited the restaurant and noticed a red haired woman sitting in the passenger seat of the van. As Chryssoverges approached the van, he saw Smith in the driver's seat and the defendant standing next to Smith. Chryssoverges walked around to the passenger's side of the van and looked through the van at defendant. When Chryssoverges saw that defendant was holding two guns, he immediately blurted out, "Man are you crazy? Put those guns away." Chryssoverges said that the defendant "kind of smiled" at him, and Chryssoverges said that he felt frightened. Smith informed Chryssoverges that the two people wanted to go to Tulane. Chryssoverges agreed, but said that he needed to return to the restaurant to retrieve a clipboard, knowing that his reentry would trigger the alarm.
Chryssoverges reached the door, opened it and set off the alarm. At this point, defendant ordered Smith to get out of the van. Defendant stepped back, Smith jumped down from the driver's seat, and defendant climbed into the van. Defendant then pointed one of the guns at Smith and asked if he had any money. Smith threw a $5.00 bill into defendant's lap and backed away from the van. Smith begged defendant not to shoot and then ran towards the restaurant. Defendant sped away on Veterans Boulevard. Shortly thereafter, the police responded to the alarm and Smith and Chryssoverges gave descriptions of the perpetrators to the police. Chryssoverges testified that his cellular telephone, his gun, and his equipment to operate his business, were inside of his van when defendant took it. The van was *1072 subsequently recovered in Jackson, Mississippi.
In March of 1999, the case detective showed Chryssoverges and Smith two sets of photographs. One set contained photographs of defendant and some men, while the other set contained Harrell's photograph and some women. Chryssoverges positively identified defendant and Harrell, but Smith was only able to positively identify Harrell from the photographs. Smith explained that he could not make a positive identification of defendant because he purposefully did not look at the gunman.
Defendant was subsequently arrested and charged with two counts of armed robbery.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, defendant challenges the sufficiency of the evidence used to convict him of armed robbery. To support this argument, defendant points out that Smith could not identify him as the perpetrator, and further that the testimony of Smith and Chryssoverges was inconsistent with their prior statements to the police. Defendant also argues that the state failed to prove the element of force or intimidation.
The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 82.
LSA-R.S. 14:64 defines armed robbery as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." Encompassed in proving the elements of an offense is the necessity of proving the identity of the defendant as the perpetrator. When the key issue in the case is identification, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Zeno, 99-69 (La.App. 5 Cir. 8/31/99), 742 So.2d 699.
On appeal, defendant raises several issues relating to the sufficiency of the evidence. We will first address defendant's argument that the state failed to prove his identity as the perpetrator because Smith could not positively identify him in a photographic lineup. We find no merit to this argument. In State v. Sampson, 95-58 (La.App. 5 Cir. 5/30/95), 656 So.2d 1085, 1088, writ denied, 95-1665 (La.11/27/95), 663 So.2d 730, this court held the evidence was constitutionally sufficient to prove defendant's identity even though the victim was unable to make a pretrial identification of defendant, nor identify him at trial. The victim in Sampson positively identified the defendant's companion, and the defendant admitted in a statement that he was with the companion at the time of the offense.
Although Smith could not identify defendant from the photographic lineup, other evidence at the trial negates the reasonable probability of misidentification. Similar to Sampson, defendant placed himself at the scene of the crime with a companion, Sharon Harrell. Both Smith and Chryssoverges positively identified defendant's companion as Sharon Harrell from a photographic lineup. Additionally, Chryssoverges identified defendant at trial as the gunman. Viewing this evidence in the light most favorable to the prosecution, we *1073 find that a rational trier of fact could have found beyond a reasonable doubt that defendant had been sufficiently identified as the perpetrator.
On appeal, defendant also argues that the evidence was insufficient to convict him because the trial testimony of Smith and Chryssoverges conflicted with certain aspects of their statements given to the police immediately after the crime. At trial, defendant introduced their statements into evidence and explored all aspects of the statements on cross-examination. In returning the guilty verdicts, the jury obviously resolved any discrepancies between the statements and the trial testimony in favor of the state. This is a credibility determination and it is not the function of the appellate court to evaluate the credibility of witnesses, nor to overturn the trier of fact on its factual determination of guilt. State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 118, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464.
Finally, the defendant argues there was insufficient evidence of force or intimidation to justify his conviction for armed robbery of Chryssoverges, since Chryssoverges testified that defendant did not verbally threaten or demand anything of value from him. If property is taken from the victim's presence by intimidation with a dangerous weapon, it is sufficient to sustain a conviction for armed robbery. State v. Refuge, 300 So.2d 489, 491-492 (La. 1974); State v. Long, 36,167 (La.App. 2 Cir. 10/30/02), 830 So.2d 552, 557. When a defendant creates an atmosphere of intimidation, prompting the victim to reasonably react with fear for his life, an armed robbery conviction is justified. State v. Cotton, 94-384 (La.App. 5 Cir.11/16/94), 646 So.2d 1144, 1146. The act of pointing a gun at a victim is sufficient to prove the element of force or intimidation. State v. Cittadino, 628 So.2d 251, 255 (La.App. 5 Cir.1993). Further, no verbal threat is required to prove the element of force or intimidation. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 965-966, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839.
At trial, Chryssoverges testified that defendant did not point the guns directly at him; however, Chryssoverges testified that he was afraid. Chryssoverges testified that he and defendant looked at each other "eye to eye," wondering what each other's next move would be. Further, Chryssoverges demonstrated twice for the jury how the defendant held the guns. As stated in Wickem, no verbal threat is required to satisfy this element of armed robbery. It is reasonable to infer that Chryssoverges was afraid because he was on the passenger's side of the van looking through the van at defendant who was armed with two guns. Here, defendant created an atmosphere of intimidation as he held not one, but two handguns, at Smith and Chryssoverges, immediately before he took Chryssoverges' van. Viewed in the light most favorable to the prosecution, we find that a rational trier of fact could have found that the defendant took the van through intimidation. Based on the foregoing discussion, we find no merit to the various arguments raised by defendant in this assigned error.[2]

*1074 ASSIGNMENT OF ERROR NUMBER TWO

In his second assigned error, defendant argues that the trial court erred in denying his motion to quash which was based on the argument that David Chryssoverges, the victim in count two, testified that defendant did not threaten, harm, or demand money from him.[3] Defendant asserts that the state failed to present any evidence to suggest that Chryssoverges was robbed in accordance with LSA-R.S. 14:64, and therefore, his motion to quash the prosecution as it relates to this victim should have been granted. We find no merit this argument.
LSA-C.Cr.P. art. 531 provides that "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of `not guilty' and `not guilty by reason of insanity,' shall be urged by a motion to quash." Article 532 of the Code of Criminal Procedure lists the general grounds for a motion to quash. It provides in pertinent part that a motion to quash may be based on the ground that "[t]he indictment fails to charge an offense which is punishable under a valid statute." LSA-C.Cr.P. art. 532(1).
Both the Louisiana Supreme Court and this court have consistently held that a motion to quash is, essentially, a mechanism to urge pre-trial pleas, i.e. pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, 411, cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998); State v. Moten, 99-552 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210.
A court considering a motion to quash must accept as true the facts contained in the bill of information and in the bill of particulars, and determine as a matter of law from the face of the pleadings whether a crime has been charged. While evidence may be adduced on the motion to quash, such evidence may not include a defense on the merits. State v. Byrd, 708 So.2d at 411. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Rembert, 312 So.2d 282, 284 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974).
In the present case, defendant raised no issue regarding the sufficiency of the bill of information. Also, he is not arguing that the bill of information is defective in failing to advise him of the specific crime with which he was charged, or that it failed to charge a valid offense. Rather, the issues raised in defendant's motion to quash relate solely to his guilt or innocence. Because these issues are factual matters that relate to the merits of the case, they were not properly raised in a motion to quash. Moreover, the issue of whether the evidence was sufficient to prove the taking occurred through force or intimidation was addressed in the previous assignment concerning the sufficiency of the evidence. Based on the foregoing, we find that the trial judge properly denied defendant's motion to quash.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors which require corrective action.
*1075 For the reasons set forth herein, defendant's convictions and sentences are hereby affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] Sharon Harrell was also charged with these offenses as a co-defendant in the bill of information. The state amended the charges to attempted armed robbery in both counts as to Harrell only. The trials of the co-defendants were severed, and this appeal pertains only to Billard.
[2] In one sentence of this assignment of error, defendant asserts that the investigating officers linked him to the robberies by way of an unconstitutional search and seizure. However, defendant did not brief this assignment of error. Accordingly, we deem this particular argument abandoned. See Rule 2-12.4 of the Uniform Rules, Courts of Appeal and State v. Bell, 00-1084 (La.App. 5 Cir. 2/28/01), 781 So.2d 843, writ denied, 01-0776 (La.4/26/02), 813 So.2d 1098.
[3] The motion to quash was actually filed by co-defendant, Sharon Harrell, but defendant adopted the motion.