942 So.2d 1176 (2006)
STATE of Louisiana
v.
Frank RIVERS.
No. 2005-KA-1121.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 2006.
Eddie J. Jordan, Jr., District Attorney of Orleans Parish, David S. Pipes, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, for Plaintiff/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR.).
JAMES F. McKAY III, Judge.
STATEMENT OF THE CASE
On December 10, 2003, the State filed a bill of information charging Jacquelyn Lemon and Frank Rivers, the appellee herein, with one count each of possession of heroin, a violation of La. R.S. 40:966. The bill was docketed under case number 444-022. The defendants were arraigned and entered not guilty pleas on December 23, 2003. At the scheduled motion hearing on February 2, 2004, the court found no probable cause after the police officers failed to appear. On February 18, 2004, the State entered a nolle prosequi, and the court ordered a release of the defendants.
On March 1, 2004, the State reinstituted the charge against both defendants under case number 445-961. The matter was initially allotted to Section "C" and then was transferred to Section "K" to follow the prior case. The defendants were arraigned on March 18, 2004, and again they entered not guilty pleas. The motion hearing proceeded on April 21, 2004, and *1177 at the conclusion of the hearing the court found probable cause and denied the motion to suppress the evidence. Trial was scheduled for May 10, 2004, but was continued on that date on motion of the defense. Another defense motion to continue the trial was granted on July 21, 2004, and the court set a new trial date of August 19, 2004. On that date, counsel for the defendant-appellee Frank Rivers moved for a continuance, which was granted. The co-defendant, Jacquelyn Lemon, withdrew her prior plea of not guilty and entered a plea of guilty as charged. She also gave a note of evidence. Thereafter, several status hearings were scheduled, and finally a trial date of November 16, 2004 was set. On that date the State entered another nolle prosequi.
On January 19, 2005, the charge was reinstituted against the appellee alone under case number 455-424, the instant matter. On January 24, 2005, the case was transferred to Section "K" to follow the prior case. The appellee entered a not guilty plea at arraignment on February 16, 2005. On March 14, 2005, the appellee filed a motion to quash, to which the State responded on March 17, 2005. The court granted the motion on March 18, 2005. On March 23, 2005, the State filed a notice of appeal; another motion was filed on May 9, 2005. This appeal follows.
STATEMENT OF THE FACTS
Because there was no trial in this matter, little of the facts of the offense are known. A police report contained in the exhibit record from case number 444-022 reflects that a search warrant was obtained for 2505 St. Ann Street. The basis for the warrant was an undercover purchase of narcotics from that address; the police identified the appellee Frank Rivers as the seller of narcotics. Police surveillance also reflected additional sales from that location by appellee. During the search of the residence a weapon and heroin were found, and the defendants were arrested.[1] A review of the transcript of August 19, 2004, which was obtained by this Court after the record was lodged, shows that Jacquelyn Lemon in her note of evidence stated that the heroin found in her residence on October 10, 2003, belonged to her. She denied that it belonged to her co-defendant Frank Rivers. She further stated under oath that he knew nothing about the narcotics in her home.
DISCUSSION
The only issue on appeal is whether the district court erred by granting the defendant-appellee's motion to quash the bill of information. The State assigns as error three different possible bases for the court's decision to grant the motion to quash. Although the transcript of the hearing on the motion to quash does not contain any argument by the parties or the reasons for the district court's ruling, the trial court judge later issued a per curiam to explain why he granted the motion to quash in this case and in a number of similar cases. The trial court judge explained in the per curiam that he granted the motion to quash, because after he denied the State's motion to continue on the grounds that the motion did not conform *1178 to the requirements of La.C.Cr.P. art. 707, the State entered a nolle prosequi. This had the effect of giving the State the continuance it sought but had been denied, and it was for this reason according to the per curiam that the trial court judge granted the motion to quash.
However, the motion to quash filed by defense counsel in this matter did not assert the alleged improper dismissal of the charge and subsequent reinstitution as the basis for the motion. Instead, in the motion the defendant asserted that the bill of information should be quashed under La. C.Cr.P. art. 485, which states:[2]
If it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured. The defect will be cured if the district attorney furnishes, within a period fixed by the court and not to exceed three days from the order, another bill of particulars which either by itself or together with any particulars appearing in the indictment so states the particulars as to make it appear that the offense charged was committed by the defendant, or that there is no ground for quashing the indictment, as the case may be.
In State v. Byrd, 96-2302, pp. 18-19 (La.3/13/98), 708 So.2d 401, 411, the Supreme Court discussed a motion to quash based on Article 485:
A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. La.C.Cr.P. art. 531 et. seq.; State v. Rembert, 312 So.2d 282 (La. 1975); State v. Patterson, 301 So.2d 604 (La.1974).
In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) ("the fact that defendants may have a good defense is not sufficient grounds to quash the indictment").
As this Court held in State v. Legendre, 362 So.2d 570, 571 (La.1978), "[t]he question, then, is whether the indictment charges a valid offense. If it does not, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, for a motion to quash may be based on the ground that the indictment fails to charge an offense which is punishable under a valid statute." Legendre goes on to note that "[i]t will not do to base an indictment for a serious offense . . . upon an allegation of fact which cannot conceivably satisfy an essential element of the crime. . . ." Legendre, 362 So.2d 570, 571.

*1179 FN19. At issue in Legendre was whether a dangerous weapon could encompass "Concrete on Parking Lot."
In Byrd, the defendants were indicted for knowingly storing hazardous waste without a permit. They attempted to have the indictment quashed on the grounds that the facility was in compliance with the existing regulations and that they did not own or operate the facility at the time of the conduct at issue. The Supreme Court found that these assertions were factual defenses and were not proper grounds for a motion to quash.
In State v. Nichols, 00-1087 (La.App. 5 Cir. 10/31/00), 772 So.2d 263, and several appeals consolidated with it, the defendants were charged with violating La. R.S. 37:219 which provides that it is unlawful for any attorney to pay money or give any other thing of value to any person in order to obtain representation of a client. The defendants were alleged to have been paid money by an attorney in exchange for referring personal injury clients. The bills of information did not allege nor did the State contend that the defendants were themselves attorneys. In their motions to quash, the defendants alleged that the bills of information were insufficient because they were not attorneys and the bills did not allege that they were. Thus, the defendants argued, from the face of the bills of information that it could be determined as a matter of law that they had not committed the offenses charged. The State responded by arguing that the defendants were principals to the crimes; the appellate court rejected this argument because there exist separate statutes, e.g., La. R.S. 14:356 et seq., which criminalize the receiving of compensation for referring clients to attorneys. The court ultimately held that the motions to quash were proper.
In the instant case, in the written motion to quash, the appellee averred that his co-defendant had entered an unqualified plea of guilty to possessing the narcotics in this case. He averred, "the State will be unable to sustain its burden of proof beyond a reasonable doubt. No illegal substance was found in defendant's possession or constructive possession." However, as the State correctly notes in its appeal brief, the assertion in the motion to quash goes to whether the State will be able to convince a jury at trial that the appellee was in constructive possession of the narcotics seized from the residence. The co-defendant's testimony that he had no knowledge of the heroin in her residence must be evaluated by the trier of fact and weighed against evidence presented by the State. The police report found in the record indicates that there may be ample testimony that shows that the appellee was engaged in narcotics sales from the residence, including an undercover sale to an informant; such testimony if believed by the jury could establish the appellee's constructive possession of the narcotics.
The per curiam issued by the trial court in this matter made no reference to the basis for the motion to quash asserted by the defendant in his motion. Nevertheless, the appellant correctly argues as its first assignment of error that, if this was the basis for the court's ruling, the trial court erred in granting the motion to quash. This assignment of error has merit.
In its second assignment of error, the State argues that, if the trial court decided to grant the motion to quash on the grounds that the defendant's constitutional right to a speedy trial was violated, although in the per curiam the court indicates *1180 it did not do so, then such a decision was in error. The State raises this issue because the defense allegedly made an oral argument that a speedy trial violation had occurred. However, the transcript of the ruling on the motion to quash reveals no such oral argument. This assignment of error is without merit.
In its third assignment of error the State argues that granting the defendant's motion to quash was not a permissible response to the State's failure to comply with La.C.Cr.P. art. 707, which requires that a motion for a continuance be in writing and filed at least seven days prior to trial. The State does not dispute that it orally moved for a continuance on November 16, 2004, and when the motion was denied, the State nolle prosequied the case. The State argues, however, that its failure to comply with La.C.Cr.P. art. 707 was unavoidable because of the surprise non-appearance of its witness, and thus it did not intentionally circumvent the rules of procedure as suggested by the trial court in its per curiam. It also suggests that the trial court's most drastic remedy for the State's failure to comply would have been the action taken at the time, denying the continuance, and not quashing a subsequent bill of information.
Moreover, the State takes the position that the trial court's statement in the per curiam that the State should not be allowed take advantage of a rule of procedure which is not available to the defense overlooks the fact that, in this case, the defense orally moved for continuances and that they were granted. The State suggests that it is just as unfair to make it strictly comply with La.C.Cr.P. art. 707, but not the defendant.
The State is correct that there is no provision for quashing the bill of information for a failure to comply with the mandates of La.C.Cr.P. art. 707.[3] It appears that the trial court was frustrated with the State's failure to have its witness appear *1181 for trial, including in a situation such as this where the only witnesses were police officers and that they also did not appear for the motion to suppress hearing.[4] However, this frustration cannot serve as a valid basis for quashing the bill of information in this case where neither the defendant's statutory nor constitutional speedy trial right was violated by the State's failure to comply with the requirements of La.C.Cr.P. art. 707. State v. Polk, XXXX-XXXX (La.App. 4 Cir. 5/31/06), 933 So.2d 838. This assignment of error also has merit.
Accordingly, for the above and foregoing reasons the trial court's ruling granting the motion to quash is vacated, and the matter is remanded for further proceedings.
JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The police report shows that both defendants were initially arrested for possession of heroin with the intent to distribute and possession of narcotics while in possession of a firearm, a violation of La. R.S. 14:95(E). Additionally, because the appellee was on parole for armed robbery, he was also arrested for violating La. R.S. 14:95.1, felon in possession of a firearm. The district attorney's office only accepted a charge of simple possession of heroin, refusing all of the other charges.
[2] La.C.Cr.P. art. 532, which sets forth the general grounds for a motion to quash, states in pertinent part that a motion to quash may be based on the grounds that "(5) A bill of particulars has shown a ground for quashing the indictment under Article 485."
[3] La.C.Cr.P. art. 532 sets forth the general grounds upon which a motion to quash can be granted. That article provides:

A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
La.C.Cr.P. art. 534 sets forth the special grounds for a motion to quash a bill of information. La.C.Cr.P. art. 534 provides:
A motion to quash an information may also be based on one or more of the following grounds:
(1) The information was not signed by the district attorney; or was not properly filed.
(2) The offense is not one for which prosecution can be instituted by an information.
[4] There is no indication from the record or allegation by the State that it sought to have instanter subpoenas issued to the police officers or requested that the court sanction the officers for not appearing pursuant to subpoenas. A review of the November 16, 2004 hearing transcript shows that the State merely moved for a continuance without even giving reasons for its motion, and as soon as the continuance was denied, the State dismissed the charge.