# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KW 09-993

**STATE OF LOUISIANA**

**VERSUS**

**JAMES DERON WILLIAMS**

**\*\*\*\*\*\*\*\*\*\***

APPLICATION FOR WRIT OF REVIEW FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 63,601
HONORABLE STEPHEN B. BEASLEY, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy H. Ezell, and Shannon J. Gremillion, Judges.

Ezell, J., dissents and assigns written reasons.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

Don Burkett, District Attorney
P.O. Box 1557
Many, LA 71449
COUNSEL FOR APPELLEE:
    State of Louisiana

Carol D. Powell Lexing
141 DeSiard Street, Suite 806
Monroe, LA 71201
(318) 324-0700
COUNSEL FOR DEFENDANT-APPELLANT:
    James Deron Williams

**COOKS, Judge.**

Defendant, Deron James Williams, asserts on May 16, 2007, he was involved in an altercation. During the altercation, a Wildlife and Fisheries agent came upon the scene, and, according to Defendant, pulled a gun out and pointed it at Defendant. Defendant initially made a statement over the phone against the agent, but was advised to submit the complaint in writing. He eventually submitted a complaint in writing along with that of a corroborating witness. The complaint was investigated, and the result was that Defendant was arrested and charged by bill of information with false swearing for purposes of violating public health or safety, a violation of La.R.S. 14:126.1.

Defendant filed a Motion to Quash, which matter was submitted to the district court on briefs and denied. Defendant is now before this Court on an application for writ of supervisory review, seeking review of the district court's denial of his Motion to Quash. For the following reasons, we find the conduct charged in this case does not fall within the ambit of La.R.S. 14:126.1, and therefore remand to the trial court with instructions to grant the motion to quash the indictment.

## ANALYSIS

Louisiana Code of Civil Procedure article 532(1) provides a motion to quash can be used to quash a bill of information that "fails to charge an offense which is punishable under a valid statute." Our Supreme Court in *State v. Legendre*, 362 So.2d 570, 571, stated "[t]he question then is *whether the indictment charges a valid offense*. If it does not, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, . . ." In this case Defendant was arrested and

-2-

charged with violating La.R.S. 14:126.1 for filing an unsworn complaint. La.R.S. 14:126.1 provides as follows:

### § 126.1. False swearing for purpose of violating public health or safety

No person shall make a false statement, report or allegation concerning the commission of a crime for the purpose of violating, disrupting, interfering with or endangering the public health or safety, or to deprive any person or persons of any right, privilege or immunity secured by the United States Constitution and laws or by the Louisiana Constitution and laws, or cause such false statement or report to be made to any official or agency of the state or any parish, city or political subdivision thereof, or to any judicial, executive or legislative body or subdivision thereof within this state, knowing or having reason to believe the same or any material part thereof to be false and with the intent to cause an investigation of or any other action to be taken as a result thereof.

La.R.S. 14:126.1 follows La.R.S. 14:126, which reads as follows:

### § 126. Inconsistent statements; false swearing

It shall constitute false swearing whenever any person having made a under sanction of an oath, or an equivalent affirmation, required by law, shall thereafter swear or affirm in a manner materially contradictory of or inconsistent with his former sworn or affirmed statement. It shall not be necessary for the prosecution, in such case, to show which of the contradictory or inconsistent statements was false; but it shall be an affirmative defense that at the time he made them, the accused honestly believed both statements to be true.

The above statutes are found in a group of statutory provisions, La.R.S. 14:123 through 14:128, which deal with sworn speech. La.R.S. 14:123 and 14:124 deal with perjury, which is a false statement in a judicial proceeding made under oath or an equivalent affirmation. La.R.S. 14:125 deals with false swearing, which is defined in that article as "the intentional making of a written or oral statement, known to be false, under sanction of oath or an equivalent affirmation, where such oath or

affirmation is required by law." La.R.S. 14:125.1 applies to "False swearing in paternity cases" and defines that crime as the "intentional making of a written or oral statement [in a paternity case], known to be false, under sanction of oath or equivalent statement. . ." La.R.S. 14:127 lists the limitation of defenses for a "prosecution for perjury or false swearing." It does not reference unsworn statements in any way.

Defendant argues La.R.S. 14:126.1 cannot be read in a vacuum and must be interpreted with the statutes that both precede and follow it. Statutory construction laws require that all laws pertaining to the same subject matter must be interpreted in *pari materia*, or in reference to each other. La.Civ.Code art. 13; *State v. Gutweiler*, 06-2596 (La. 4/8/08), 979 So.2d 469.

We further note La.R.S. 14:126 does not have a penalty provision in it, but La.R.S. 14:126.1 does, leading to the obvious conclusion that La.R.S. 14:126 and 14:126.1 operate in tandem, and consequently, must be read in *para materia*. They cannot operate together effectively unless La.R.S. 14:126.1 is read to require a sworn statement as La.R.S. 14:126 requires. "The Legislature is presumed to have enacted a statute in light of the preceding statutes involving the same subject matter . . ." *State v. Gutweiler*, 943 So.2d at 484, *citing Hamp's Constr., L.L.C. v. City of New Orleans*, 05-489, p. 9 (La. 2/22/06), 924 So.2d 104, 110; *New Orleans Rosenbush Claims Serv., Inc. V. City of New Orleans*, 94-2223, p. 11 (La. 5/10/95), 653 So.2d 538, 544. We find it clear that La.R.S. 14:126.1 was intended to require a sworn statement based on the requirement found in La.R.S. 14:126 as well as the other statutes in La.R.S. 14:123-128, both preceding and following it.

For the foregoing reasons, we conclude that La. R.S. 14:126.1 was not intended

to apply when there is not a statement made under oath. Thus, in the present case, the State failed to charge a crime in the manner required by law because Defendant's statement was not made under oath.[1] We therefore hold that the trial court abused its discretion by denying Defendant's motion to quash. Accordingly, the ruling of the trial court is reversed. We remand to the trial court with instructions to grant the motion to quash the indictment.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

---

[1] We note there is at least one other statute that appears to criminalize the alleged conduct of Defendant. La.R.S. 14:59(A)(5) sets forth:

> A. Criminal mischief is the intentional performance of any of the following acts:
>
> . . .
>
> (5) Giving of any false report or compliant to a sheriff, or his deputies, or to any officer of the law relative to the commission of, or an attempt to commit, a crime.

**STATE OF LOUISIANA**

**VERSUS**

**JAMES DERON WILLIAMS**

EZELL, J., dissents

I must respectfully dissent from the majority.  The majority in this matter fail to recognize that Article 126 applies to an incident where one has made a previous statement under oath and then makes an inconsistent statement, again under oath at the time the second statement is made.

Article 126.1 does not require that one be under oath.  This article stands alone and it is not necessary for one to look at Article 126 for support, due to the fact that Article 126 is dealing with statements under oath.

I would follow the ruling by the Second Circuit in *State v. Marshall*, 424 So.2d 423, (La.App. 2Cir. 1982) that was authored by the Honorable Pike Hall.