ROLAND L. BELSOME, Judge.
 

 | Appellant, the State of Louisiana, appeals the trial court’s grant of Defendant-Appellee’s motion to quash the bill of infor
 
 *319
 
 mation. For the reasons that follow, we reverse and remand.
 

 FACTS
 

 On April 9, 2007, the Orleans Parish District Attorney’s Office filed a bill of information charging Defendant, Irvin Fox, with unauthorized use of a vehicle belonging to Dell M. Williams and/or Marie Viguere. Thereafter, Motions for Bill of Particulars and Discovery and Inspection were filed in open court on June 27, 2008, November 19, 2008, and May 15, 2009.
 
 [1]
 
 The State filed its response to the request for particulars on May 21, 2009, directing Defendant to police reports previously provided to the defense.
 

 At the preliminary hearing, held May 28, 2009, the State’s sole witness was New Orleans Police Officer Athena Monteleone. Officer Monteleone testified that on January 18, 2007, she and New Orleans Police Officer Michael Hamilton were | .¿driving south in the 2300 block of Bienville Street in Orleans Parish at approximately 10:25 A.M. At that time, the officers observed a gold colored SUV driven by Irvin Fox. The vehicle was heading westbound on North Miro Street and crossed Bienville Street, disregarding the stop sign. The officers activated their overhead lights and conducted a traffic stop. Upon being stopped, Defendant immediately exited the vehicle and handed Officer Hamilton a marijuana cigar, announcing that the officers would have discovered it anyway. Defendant was then arrested for possession of marijuana.
 

 Officer Monteleone testified that there was no proof of insurance or registration in the vehicle, and no damage to the interi- or of the vehicle was observed by the officer. Defendant told the officer that the vehicle belonged to his cousin. A check of the license plate revealed that the vehicle had been reported stolen in Jefferson Parish. Defendant was then placed under arrest for possession of a stolen vehicle.
 
 [2]
 

 On the date of the preliminary hearing, the defense filed a motion to quash the bill of information, asserting that the State could not meet its burden of establishing that the offense charged in the bill of information was committed and/or that Defendant committed the charged crime, because the State had not provided evidence that Defendant knew that the vehicle was stolen or that he was not authorized to use the vehicle. At the conclusion of the preliminary hearing, the trial court found that the state had failed to establish probable cause to substantiate the charges, but did not rule on the motion to quash.
 

 | ⅞After the State filed a response to the Motion to Quash, the matter was taken under advisement without argument. The trial court subsequently granted the motion to quash the bill of information on July 8, 2009.
 
 [3]
 
 This appeal followed.
 

 
 *320
 

 ASSIGNMENT OF ERROR
 

 In its sole assignment of error, the State argues that the trial court erred in granting the defendant’s motion to quash on the basis that no evidence was presented to establish that the defendant knew that the vehicle was stolen.
 

 DISCUSSION
 

 Defendant argued that the State’s responses, when combined with the testimony elicited at the hearing, did not establish that Defendant knew that the vehicle was stolen, nor did the State’s answers provide sufficient notice of the nature of the charges to Defendant.
 

 The Louisiana State Supreme Court recognized the purpose and the limits of a motion to quash in
 
 State v. Byrd,
 
 wherein the Court held that a motion to quash may not be used to argue a defense on the merits of the case:
 

 A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. La.C.Cr.P. art. 531
 
 et. seq.; State v. Rembert,
 
 312 So.2d 282 (La.1975);
 
 State v. Patterson,
 
 301 So.2d 604 (La.1974).
 

 In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be |4adduced, such may not include a defense on the merits.
 
 State v. Gerstenberger,
 
 260 La. 145, 255 So.2d 720 (1971);
 
 State v. Masino,
 
 214 La. 744, 750, 38 So.2d 622 (1949) (“the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”).
 

 As this Court held in
 
 State v. Legendre,
 
 362 So.2d 570, 571 (La.1978), “[t]he question, then, is whether the indictment charges a valid offense, [footnote omitted] If it does not, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, for a motion to quash may be based on the ground that the indictment fails to charge an offense which is punishable under a valid statute.”
 
 Legendre
 
 goes on to note that “[i]t will not do to base an indictment for a serious offense ... upon an allegation of fact which cannot conceivably satisfy an essential element of the crime....”
 
 Legendre,
 
 362 So.2d 570, 571.
 

 State v. Byrd,
 
 96-2302, pp. 18-19, (La.3/13/98), 708 So.2d 401, 411 (emphasis added).
 

 The Fifth Circuit relied upon the Louisiana Supreme Court’s holding in
 
 Byrd
 
 in
 
 State v. Billard,
 
 03-319 (La.App. 5 Cir. 7/29/03), 852 So.2d 1069. In
 
 Billard,
 
 the defendant’s motion to quash asserted that the victim’s testimony established that the defendant did not threaten, harm, or demand money from him; therefore, he argued, the State failed to present any evidence that the victim was robbed.
 
 Billard,
 
 852 So.2d at 1074. In finding that the defendant’s motion to quash improperly raised factual questions of guilt or innocence, the Court stated:
 

 Both the Louisiana Supreme Court and this court have consistently held that a motion to quash is, essentially, a mechanism to urge pre-trial pleas,
 
 ie.
 
 pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court.
 
 State v. Byrd,
 
 96-2302 (La.3/13/98), 708
 
 *321
 
 So.2d 401, 411, cert.
 
 denied,
 
 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998);
 
 State v. Moten,
 
 99-552 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210.
 

 State v. Billard,
 
 03-319, (La.App. 5 Cir. 7/29/03), 852 So.2d 1069, 1074 (emphasis added).
 

 ^Accordingly, “[wjhile evidence may be adduced on the motion to quash, such evidence may not include a defense on the merits.”
 
 Id. (citing Byrd.
 
 708 So.2d at 411). The factual question of guilt or innocence of the offense charged thus cannot be raised in a motion to quash.
 
 Billard,
 
 852 So.2d at 1074 (citing
 
 State v. Rembert,
 
 312 So.2d 282, 284 (La.1975);
 
 State v. Patterson,
 
 301 So.2d 604 (La.1974)).
 
 [4]
 

 Likewise, in
 
 State v. Lauff,
 
 06-717, pp. 8-9 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 819, the reviewing court, relying in part upon
 
 Billard, supra,
 
 upheld the trial court’s denial of the defendant’s motion to quash, stating:
 

 In the present case, defendant raised no issue regarding the sufficiency of the indictment. Also, she has not argued that the indictment was defective in failing to advise her of the specific crime with which she was charged, or that it failed to charge a valid offense. Rather, the issues raised in the defendant’s motion to quash relate solely to her guilt or innocence, in that she contends the State’s evidence could not prove the requisite intent for murder beyond a reasonable doubt. Because these issues are factual matters that relate to the merits of the case, they were not properly raised in a motion to quash.
 
 See State v. Billard,
 
 852 So.2d at 1074.
 

 State v. Lauff,
 
 06-717, pp. 8-9, 953 So.2d at 819.
 

 In this case, the record evidences that the State has met its obligations pursuant to La.C.Cr.P. art. 484.
 
 [5]
 
 Defendant was provided sufficient notice of the | (¡nature of the charges of the crime of Unauthorized Use of an Automobile, La. R.S. 14:68.4.
 
 [6]
 
 Furthermore, a motion to
 
 *322
 
 quash is not a proper vehicle for raising factual matters which concern the merits of the case.
 
 Byrd,
 
 96-2302, pp. 18-19, 708 So.2d at 411. Whether Defendant had knowledge that the vehicle was stolen was not an element of R.S. 14:68.4; rather, the State only had to allege that Defendant used the vehicle without authorization. Therefore, we find that the trial court erred in granting Defendant’s motion to quash the bill of information.
 

 CONCLUSION
 

 For the foregoing reasons, the trial court’s judgment granting Defendant’s motion to quash is reversed, and the matter remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . In each submission, the defense asked for responses to the following:
 

 1) Was there damage to the vehicle?
 

 2) Whether the state was alleging that Mr. Fox fled or resisted arrest in any way?
 

 3) Whether there was any aspect of the vehicle's appearance that would suggest that the car had been stolen?
 

 4) What facts indicated or suggested that Mr. Fox knew the car had been stolen?
 

 [2]
 

 . Officer Monteleone testified that the police report was written by Officer Michael Hamilton, and that there has been no supplemental report prepared.
 

 [3]
 

 .In granting the motion to quash, the trial court stated on the record:
 

 I have reviewed the responses by the State and I've reviewed the motion on behalf of Mr. Fox that was filed by Mr. McEntyre. I've reviewed the relevant law in this case. And 'at this time the Court is going to grant that motion to quash this bill of information.
 

 [4]
 

 . Similarly, in
 
 State v. Jordan,
 
 this Court found that a defendant improperly raised an issue regarding his intent in a motion to quash his indictment, holding as follows:
 

 A motion to quash is essentially a mechanism by which to raise pretrial pleas of defense, i.e., those matters which do not go to the merits of the charge.... In the case at bar, the defendant alleges that the state does not have sufficient evidence to support its allegation that the defendant had the specific intent to kill more than one person. As this issue goes to the merits of the charge, it was improperly raised in the defendant's motion to quash. The trial court correctly denied the defendant's motion to quash.
 

 State v. Jordan,
 
 97-1756, p. 7-8 (La.App. 4 Cir. 9/16/98), 719 So.2d 556, 563.
 

 [5]
 

 . La.C.Cr.P. art. 484 provides as follows:
 

 A motion for a bill of particulars may be filed of right in accordance with Article 521. The court, on its own motion or on motion of the defendant, may require the district attorney to furnish a bill of particulars setting forth more specifically the nature and cause of the charge against the defendant.
 

 Supplemental bills of particulars or a new bill may be ordered by the court at least seven days before the trial begins.
 

 When a bill of particulars is furnished, it shall be filed of record and a copy of the bill shall be given to the defendant.
 

 [6]
 

 . La. R.S. 14:68.4 provides as follows:
 

 A. Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently.
 

 B. Whoever commits the crime of unauthorized use of a motor vehicle shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than ten years or both.