BONIN, J.,
Dissenting With Reasons.
hi respectfully dissent.
I agree with the majority’s conclusion that the juvenile judge erred in failing to grant I.P.’s motion to dismiss: “All objections to the proceedings, including objections based on defects in the petition and defenses capable of determination as a matter of law, may be raised by motion to dismiss.” La. Ch.C. art. 875 (emphasis added). But I dissent from the result. In my opinion, the proper relief is to dismiss the petition.[1]
La. Ch.C. art. 804(3) in pertinent part defines a “delinquent act” to mean:
an act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes of this state, ...
*662 See also State ex. rel D.J., 08-0786 (La. App. 4 Cir. 2/11/09), 5 So.3d 923.
La. R.S. 14:3 provides that, “[t]he articles of this Code cannot be extended by analogy so as to create crimes not provided for herein ...” But in order for the charge in this case to be valid, we would have to countenance the creation of an offense by analogy. The petition by which this delinquency proceeding was commenced alleged that I.P. violated La. R.S. 14:95 C which provides that “[o]n a second conviction [for illegal carrying of weapons], the offender shall be | ^imprisoned with or without hard labor for not more than five years.” (emphasis added). Yet the “[fjacts which show that the child is a delinquent child” alleged in the petition, see La. Ch.C. art. 845(3), is that I.P. had been in possession of a handgun “after previously having been adjudged a delinquent” for carrying a concealed weapon, (emphasis added).
A motion to dismiss under La. Ch.C. art. 875 functions comparably to a motion to quash under La.C.Cr.P. art. 532. In reversing a trial court’s denial of an article 532 motion to quash because the “dangerous weapon” in an aggravated battery violation was “concrete on parking lot,” the Louisiana Supreme Court stated:
To have a valid trial it is sacramental that an offense punishable under a valid statute or ordinance be charged. And when an indictment is defective it should be quashed when it fails to charge the offense intended to be charged in the manner required by law. It will not do to base an indictment for a serious offense, as in this case, upon an allegation of fact which cannot conceivable satisfy an essential element of the crime ... [wjithout a dangerous weapon involved the offense would necessarily be one of a lesser grade. In doing so [relying upon a concrete parking lot as a dangerous weapon] the State is attempting to extend the article of the Code so as to create a crime not provided therein, contrary to the spirit and letter of the law.
State v. Legendre, 362 So.2d 570, 571 (La. 1978). The Legendre court reversed and set aside the trial court’s ruling and remanded for further proceedings in the trial court. Id. at 572. In failing to dismiss this petition as a matter of law, the juvenile judge upgraded “[m]isdemeanor-grade delinquent act” to a “[fjelony-grade delinquent act”. See La. Ch.C. art. 804(5) and (8), and La. R.S. 14:95 B(1) and C.
I would reverse and set aside the ruling and remand the matter to juvenile court for further proceedings. Therefore, I dissent.

. The juvenile court could have granted leave to the petitioner to amend the petition. See La. Ch.C. art. 846.