MADELEINE M. LANDRIEU, Judge.
hThe State appeals the trial court’s granting of the defendant’s motion to quash one count of the bill of information filed against him. For the reasons that follow, we reverse and remand.

FACTS AND PROCEEDINGS BELOW

On June 17, 2010, the State filed a bill of information charging the defendant, Ricky Ricard, with one count of simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2; one count of illegal possession of stolen things valued over $500.00, a violation of La. R.S. 14:69(B)(2); and one count of filing false public records, a violation of La. R.S. 14:133. Mr, Ricard pled not guilty at his arraignment. He subsequently filed a motion to quash Count Three of the bill of information: filing a false public record. On August 8, 2011, the trial court granted Mr. Ricard’s motion. The State timely filed the instant appeal.[1]
A police report filed by Officer Kevin Blanchard reflects that on February 17, 2010, at around 6:40 p.m., the arresting officers responded to a residence 1 ^burglary. Upon arrival, the officers observed a black truck in the driveway to the residence. The officers ran the license plate of the black truck and discovered that the truck was owned by Mr. Ricard, who resided in an apartment complex directly behind the residence. Approximately forty minutes later, Mr. Ricard called the police and reported that his truck had been stolen. In so doing, Mr. Ricard stated that he had left his job at 7:00 p.m., driven his truck home, then locked and secured the truck. The police, who had spotted Mr. Ricard’s truck on the scene of the burglary prior to 7:00 p.m., searched the vehicle. Their search yielded a stolen police radio and stolen handcuffs, both of which had been taken in a vehicular burglary of a police unit on January 26, 2010. The officers then arrested the defendant for filing a false police report by stating that he had been driving his truck home from work at 7:00 p.m.
In his motion, Mr. Ricard argued that he was charged with filing a false public record under La. R.S. 14:133, but that he did *238 not commit that offense because he did not “file or deposit” a public record with knowledge of its falsity, as provided by the statute. Mr. Ricard emphasized that he only provided information, but did not actually file the police report, which was done by Police Officer Kevin Blanchard. Accepting this argument, the trial court granted Mr. Ricard’s motion to quash. \JSSUE
In its sole assignment of error, the State argues that the trial court committed procedural error by granting the defendant’s motion to quash Count Three of the bill of information.

DISCUSSION

In this case, the State filed a bill of information alleging that Mr. Ricard filed a false public record in violation of La. R.S. 14:138 when he filed the incident report. La. R.S. 14:133 provides, in pertinent part:
A. Filing false public records is the filing or depositing for record in any public office or with any public official, or the maintaining as required by law, regulation, or rule, with knowledge of its falsity, of any of the following:
(1) Any forged document.
(2) Any wrongfully altered document.
(3) Any document containing a false statement or false representation of material fact.
Citing State v. Morris, 2005-0725 (La.App. 3 Cir. 12/30/05), 918 So.2d 1107, Mr. Ricard argues on appeal that the trial court correctly quashed Count Three of the bill of information because the conduct of which he is accused (providing false information to the police) falls within the ambit of La. R.S. 14:59(5) rather than La. R.S. 14:133. In State v. Morris, the Third Circuit vacated and set aside the defendant’s conviction of filing a false public record where the defendant had called the police and informed them of an allegedly false crime. The Morris court reasoned that the defendant “merely contacted the police, but did not actually file or deposit for record any document in any public office or with any public official ...” Id., p. 9, 918 So.2d at 1112-1113. Further, the court found |4that the defendant’s call to the police would be covered by La. R.S. 14:59(5), which provides, in pertinent part:
Criminal mischief is the intentional performance of any of the following acts:
⅝ ⅜ ⅜ ⅜ ¾:
(5) Giving of any false report or complaint to a sheriff, or his deputies, or to any officer of the law relative to the commission of, or an attempt to commit, a crime.
Based on State v. Morris, Mr. Ricard argues that the trial court correctly granted the motion to quash. However, the State contends that, although it may be unsuccessful in actually convicting the defendant of violating La. R.S. 14:133, a motion to quash the indictment is not the proper procedural device for raising factual matters which concern the merits of the case. We agree.
La.C.Cr. P. arts. 532 and 534 contain general and special grounds for a motion to quash, none of which is applicable to the instant situation. In State v. Byrd, 96-2302, pp. 18-19 (La.3/13/98), 708 So.2d 401, 411 (citations and footnotes omitted), the Louisiana Supreme Court held that a motion to quash may not be used to argue a defense on the merits of the case:
A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court.
*239 In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may |sbe adduced, such may not include a defense on the merits.
In this case, whether Mr. Ricard actually filed or deposited a public record with the knowledge of its falsity in violation of La. R.S. 14:133 is a factual matter that shall be determined on the merits. Because a court must accept as true the facts outlined in the bill of information, and determine as a matter of law and from the face of the pleadings whether a crime has been charged, the State only had to allege that Mr. Ricard filed a false public record (which is what it alleged) in order to avoid having that count against the defendant quashed. State v. Byrd, supra; see also, State v. Rivers, 2005-1121, p. 4 (La.App. 4 Cir. 10/11/06), 942 So.2d 1176, 1178 (quoting, Byrd, 96-2302, pp. 18-19, 708 So.2d at 411). State v. Morris, supra, upon which Mr. Ricard relies, is clearly distinguishable because it did not involve a motion to quash, but rather a conviction, which was reversed in part by the Third Circuit. We therefore find that the trial court abused its discretion in granting the defendant’s motion to quash Count Three of the Bill of Information.

CONCLUSION

Considering the foregoing, the trial court’s ruling granting Mr. Ricard’s motion to quash is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion
REVERSED AND REMANDED.

. A motion to quash is a pre-trial remedy. Thus, no trial has been conducted in this matter, and therefore, only limited facts of the offense appear in the record.