284 So.2d 576 (1973)
STATE of Louisiana
v.
Bomer SMITH.
No. 53686.
Supreme Court of Louisiana.
October 29, 1973.
Sam J. D'Amico, D'Amico & Curet, Baton Rouge, for defendant-appellee.
*577 William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Samuel C. Cashio, Dist. Atty., Joseph W. Cole, Jr., Asst. Dist. Atty., for plaintiff-appellant.
SANDERS, Chief Justice.
The defendant, Bomer Smith, was indicted by the Pointe Coupee Parish Grand Jury for the crime of illegal use of a weapon. LSA-R.S. 14:94. On April 21, 1972, the defendant filed several pre-trial motions, including a motion to quash the indictment. On June 26, 1972, the district judge sustained the defendant's motion to quash. No bill of exceptions was reserved. The State has appealed the ruling.
Defendant has filed a motion to dismiss the appeal. He asserts that since the extensions for filing the appeal were granted after the extended return date had expired, that the extensions were null and void.
The original order for appeal by the State made the appeal returnable to the Supreme Court of Louisiana on or before June 12, 1972. On June 6, 1972, the district court extended the return date to July 12, 1972. On July 13, 1972, the return date was extended to August 11, 1972. Thus, the extension was granted one day after the expiration of the original return date.
On August 11, 1972, the return date was extended to September 11, 1972. On September 13, 1972, the second day after the time had expired, another extension of the return date was ordered to October 11, 1972.
On October 11, 1972, the return date was extended one month. On November 11, 1972, the return date was extended to December 11, 1972. On December 12, 1972, the day after the expiration of the return date, a further extension was granted of a month. Further extensions were granted to July 6, 1973. The record was lodged in this Court on June 25, 1973.
Thus, the issue presented is whether this appeal was timely lodged.
Under Articles 916 and 919 of the Louisiana Code of Criminal Procedure, the trial court is authorized to extend the return date. Once the return date has expired, however, no further extension is possible. Upon the expiration of the return date, the judgment becomes final. See LSA-C.Cr.P. Art. 919, Comment (b); State v. Price, La., 274 So.2d 194 (1973); State v. Ash, 257 La. 337, 242 So.2d 535 (1971); Wischer v. Madison Realty Co., 242 La. 334, 136 So.2d 62 (1961).
In Wischer v. Madison Realty Co., supra, the rule is succinctly stated as follows:
"Any action of the trial court upon an application for an extension filed after the last extended return date is without legal effect."
In the present case, since the original return date expired without an extension, the judgment became final. The several extensions granted thereafter were without effect.
For the reasons assigned, the appeal is dismissed.